IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TERRANCE FLETCHER | § | |
| VS. | § | CIVIL ACTION NO. 1:26-cv-317 |
| J. CAMPBELL, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Terrance Fletcher, an inmate at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff complains of the conditions of his confinement at the Allred Unit. Plaintiff alleges he has been retaliated against, subjected to cruel and unusual punishment, and has been denied access to the courts at the Allred Unit.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th

---

[1] This action was severed from another civil action filed by plaintiff. *See Fletcher v. Campbell*, No. 1:26cv228 (E.D. Tex. July 31, 2026) (ECF No. 7.)

Cir. 1973). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Here, plaintiff complains of incidents which occurred at the Allred Unit of the Texas Department of Criminal Justice located in Iowa Park, Wichita County, Texas. Additionally, any defendants are employed at the Allred Unit. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Wichita County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). Pursuant to 28 U.S.C. § 124, Wichita County is located in the Wichita Falls Division of the United States District Court for the Northern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This action should be transferred to the Northern District of Texas. An appropriate order so providing will be entered by the undersigned.

SIGNED this 13th day of August, 2026.

Zack Hawthorn
United States Magistrate Judge